## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS IVAN POBLETE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 17-mc-00158 (APM) |
| | ) |
| CHUNG HUILO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

This matter comes before the court on review of Plaintiff Luis Ivan Poblete's "Pleading in Chancery Equity." Plaintiff proceeds pro se. The court dismisses the pleading sua sponte for failure to comply with the Federal Rules of Civil Procedure.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement" of the basis for the court's jurisdiction; "a short and plain statement" of the pleader's claim, showing she or he is entitled to relief; and a demand for relief. *See* Fed. R. Civ. P. 8(a). The purpose of this minimum pleading standard is to give fair notice to the defendant of the claims being asserted, such that the defendant can prepare a responsive answer and adequate defense, as well as determine whether the doctrine of res judicata applies. *Butler v. Cal. St. Disbursement Unit*, 990 F. Supp. 2d 8, 9 (D.D.C. 2013). Pleadings filed by pro se litigants are held to less stringent standards than those filed by lawyers, but all litigants must comply with the Federal Rules of Civil Procedure. *See Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993).

The court has reviewed Plaintiff's Complaint and, in a word, it is unintelligible. The Complaint is titled as being filed in both the federal district court and the federal bankruptcy court for the District of Columbia. At no point does Plaintiff identify Defendant Chung Huilo or make any allegations pertaining to Defendant. Plaintiff states only that he "ha[s] a CONFLICT with the rules of law" and seeks "equitable relief" in the form of "the extinguishment and the full accounting of the ledger record." *See* Compl., ECF No. 1, at 7. These statements neither constitute a "short and plain statement" of the court's jurisdiction and material facts, nor convey the nature of the dispute. Therefore, as drafted, the Complaint fails to meet the standard set forth in Rule 8(a) and must be dismissed. *See* Fed. R. Civ. P. 8(a).

An Order consistent with this Memorandum Opinion is issued separately.

Date: January 30, 2017

Amit P. Mehta
United States District Judge